J. F. WILCOX & SONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40619.    Promulgated August 8, 1933.

*John LeRoy Peterson, Esq.,* for the petitioner.
*H. D. Thomas, Esq.,* for the respondent.

OPINION.

MATTHEWS: This proceeding is for the redetermination of a deficiency in income tax asserted against the petitioner for the fiscal year ended October 31, 1926, in the sum of $545.83. The respondent disallowed a deduction claimed by the petitioner on account of an alleged net loss for 1925 in the sum of $4,263.08, and determined that the petitioner should have reported a net income for 1925 in the amount of $633.54. It is conceded by the petitioner that unless a net loss was sustained in 1925 which may be applied against income for 1926 the respondent's determination is correct.

The petitioner's contention that it suffered a net loss in 1925 is based upon the theory that it is entitled to deduct from gross income for 1923 and for 1925 expenditures made in connection with the purchase and installation of new glass to replace the glass in the petitioner's greenhouses which had been broken by hail. The respondent has taken the position that the items relating to hail losses sustained in 1923 and in 1925 are not deductible in those years and denies that there was any net loss for 1925. Although no deficiencies have been asserted against the petitioner for the fiscal years 1923, 1924, and 1925, and the taxable period involved herein is the fiscal year 1926, it will be necessary to make reference to the petitioner's income tax returns for the years 1923 to 1926, inclusive, and to the adjustments made by the respondent in his determination

of the petitioner's tax liability for each of these periods, before it can be determined whether the respondent erred in disallowing the net loss claimed for 1925, which disallowance resulted in the determination of a deficiency for 1926.

Petitioner is a corporation, organized and existing under the laws of the State of Iowa, with its principal office and place of business at Council Bluffs, Iowa. It is engaged in the wholesale florist business and operates and maintains greenhouses. Petitioner had under glass in 1923 and in 1925, 454,872 square feet. The glass was 16 inches by 24 inches, double strength, and the petitioner carried hail insurance thereon in the Florists' Hail Association, which is a mutual association.

In the years 1923 and 1925 considerable damage was done to the petitioner's greenhouses by reason of the breaking of glass by hail. After each hailstorm it was necessary to remove the broken glass from the flower beds in the greenhouses. The broken glass left on the roof was then carefully removed; scaffolds were erected and as one group of workmen removed glass another group followed to remove the old putty from the bars supporting the panes of glass. Gas torches were used to burn out the old putty and this so damaged the paint on the bars that they had to be wire-brushed. These bars were gone over before putting in new putty and new glass. The same kind of glass was put in to replace the glass broken by hail. No additions or substitutions were made to the rafters or the bars and no new material was used in the greenhouses except the new glass and the putty. About forty men were employed to replace the glass damaged by the hail in 1925. As a result of burning out the old putty and scraping them, the bars supporting the panes of glass became narrower and the new glass could not be put in as tightly as had been the glass broken by the hail. Thereafter, as the bars would expand and contract, the glass would sometimes fall through and the damage to the bars also permitted leakage from the rains.

In 1923 petitioner expended the sum of $9,218.87 to cover the cost of glass, paint, putty, freight and labor used in restoring the property damaged by hail and received as hail insurance the sum of $6,035.29. In its income tax return for the fiscal year 1923 petitioner deducted from gross income the amount of $3,183.58, representing the difference between the insurance received and the cost of buying and installing new glass to replace the glass broken by hail, and reported a net loss of $4,007.09. The respondent entirely disallowed this deduction of $3,183.58 and increased by $162.32 the allowance for depreciation, which adjustment by the respondent resulted in the reduction of the petitioner's net loss in 1923 to $985.83.

The petitioner reported a net loss for 1924 in the sum of $5,368.14, which was increased by the respondent to $5,530.46 by allowing additional depreciation.

For 1925 the petitioner reported a net loss of $4,263.08. Petitioner's books show expenditures to restore the property damaged by hail in 1925 in the total sum of $19,766.51 and hail insurance collected in the sum of $17,534.56, the difference of $2,231.95 being claimed as a deduction by petitioner in its income tax return for the fiscal year 1925. The respondent entirely disallowed this deduction of $2,231.95 and added to income for 1925 the sum of $3,021.26, representing the reduction by the respondent in the net loss for 1923. The respondent determined a net income for 1925 in the amount of $633.54, which is less than the exemption to which petitioner is entitled, so that no deficiency in tax was determined to be due for that period. As has been stated above, the net loss for 1925 claimed by the petitioner in the sum of $4,263.08 was entirely disallowed by the respondent in computing the petitioner's tax liability for 1926.

It will be seen that the amounts which the petitioner claims to be deductible for 1923 and 1925 on account of necessary repairs to its greenhouses are arrived at by taking the amounts expended in reconditioning the greenhouses and subtracting therefrom the amounts received as hail insurance. The petitioner urges that the respondent erred in failing to take into consideration the real nature of the losses suffered by the petitioner during 1923 and 1925, such losses being almost entirely glass broken by hail.

In denying the deduction claimed by the petitioner the respondent asserts that the petitioner's loss must be measured not by the difference between the cost of restoration and the amount of insurance received, but upon the basis of cost or March 1, 1913, value of the property properly depreciated. The respondent places reliance upon the case of *Joseph E. Hubinger*, 13 B.T.A. 960; affd., 36 Fed. (2d) 724, in which it was held that the amount expended, in excess of insurance received, in restoring a building partially destroyed by fire was not deductible either as a loss or as the cost of repairs. To the same effect is the case of *Fred Frazer*, 10 B.T.A. 409, which also involved a loss on account of the partial destruction of a building by fire.

Without questioning the correctness of the above cited decisions upon the particular facts of those cases, we are of the opinion that the instant case presents a different situation. In the *Hubinger* case the expenditures in question were made to restore the major part of a building damaged by fire. It was pointed out that there was a distinction between such a restoration and the maintenance of property through repairs necessitated as the result of a casualty, as in

the case of *Illinois Merchants Trust Co., Executor*, 4 B.T.A. 103. In this latter case expenditures were made to shore up the wall and repair the foundation of the taxpayer's building which had threatened to collapse because of the sudden lowering of the water level in the Chicago River and the resultant rotting of the exposed foundation piles under the building. We held that these expenditures were deductible from gross income, saying:

\* \* \* A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. \* \* \*

Applying these principles to the facts in the instant case, we find that the expenditures made herein did not add to the value or prolong the expected life of the greenhouses beyond what it was before the event which made the repairs necessary occurred. It was necessary for the petitioner to put in the new glass as early as practicable in order to keep the greenhouses in a serviceable condition. The placing of new glass in the frames where glass had been broken did not make the property adaptable to any different use. On the contrary, it was testified that the new glass when installed in the same frames is less efficient than the old glass in prolonging the life of the structure, because in burning out the old putty the frames are also damaged and the water is permitted to seep through and the new glass sometimes falls through and breaks. It is recognized that the glass itself is not subject to depreciation as is a building.

Under these circumstances, we hold that the respondent erred in disallowing the deductions claimed on account of necessary repairs to petitioner's greenhouses.

The petitioner's net loss for 1923, which was determined by the respondent to be $985.83, will be increased by $3,183.58, which amount we have found to be the cost of the repairs to the petitioner's greenhouses in that year. As a net loss was also sustained for 1924 in an amount determined by the respondent to be $5,530.46, the net loss for 1923 should be carried forward and allowed as a deduction in computing net income for 1925. An examination of the petitioner's income tax return for 1925 indicates that its net income for that year is sufficient to absorb entirely the net loss for 1923 and a portion of the net loss for 1924. The unabsorbed balance of the loss sustained for 1924 is allowable as a deduction in computing the petitioner's tax liability for 1926.

*Judgment will be entered under Rule 50.*